UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWANA D. HARRIS,

    Petitioner,

  v.

A. DULGOV,

    Respondent.

Case No. 24-cv-00321-TLT

**ORDER OF DISMISSAL**

## I.  INTRODUCTION

Petitioner, a federal prisoner housed at the Federal Correctional Institute (FCI) in Dublin, California, at the time of filing, and proceeding without representation by an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the conditions of her confinement and lack of adequate medical care. She paid the $5.00 filing fee. FCI Dublin has since been closed, and petitioner has been transferred.[1] For the reasons discussed below, the

---

[1] District courts within the Ninth Circuit are split as to whether courts continue to have jurisdiction over section 2241 federal habeas petitions—where jurisdiction was appropriate at the time of filing based on the petitioner's district of confinement—when a prisoner is transferred to a facility in a different district during the pendency of the petition. See, *e.g.*, *Long v. Baltazar*, No. CV1800520TUCRMEJM, 2020 WL 6162923, at *3 (D. Ariz. Sept. 17, 2020), *report and recommendation adopted*, No. CV-18-00520-TUC-RM, 2020 WL 6161717 (D. Ariz. Oct. 21, 2020) (declining to transfer § 2241 habeas petition challenging restitution payment schedule where petitioner was incarcerated in a federal facility in Arizona at the time of filing and subsequently transferred to a federal facility in Indiana, although the court "presumably lack[ed] personal jurisdiction over Petitioner's current custodian," and dismissing the petition on exhaustion and merits grounds, noting the court was "mindful of avoiding a 'ping-pong' effect where the § 2241 petition is transferred to a new court each time the petitioner is designated to a new institution"); *Ogburn v. Fed. Bureau of Prisons*; No. CR-04-84-GF-BMM, 2023 WL 3435303, at *5 (D. Mont. May 12, 2023) (partially granting § 2241 petition based on good time credits calculation and reducing term of supervised release for petitioner who was transferred from a Montana county detention facility at the time of filing to federal prison in Tennessee, determining that the transfer did not destroy the court's jurisdiction, and substituting the federal warden in Tennessee as the respondent). Some courts differentiate between credits calculation claims and "challenge[s] to . . .

1 petition will be dismissed without prejudice.

2 **II.     BACKGROUND**

3           Petitioner was incarcerated at the FCI Satellite Camp at the time she filed this petition.
4 She contends that her sentence was being executed in violation of the Constitution and laws of the
5 United States, and that the Bureau of Prisons (BOP) violated her Eighth Amendment rights,
6 because the camp's facility presented health and safety hazards and lacked adequate medical care.
7 ECF 1 at 9.  The BOP inmate locator shows that petitioner is currently incarcerated at FMC
8 Lexington in Eastern Kentucky and that her release date is December 29, 2026.

9           Petitioner alleges that she was exposed to asbestos, black mold, lead paint, rodents, and
10 raw sewage at FCI Dublin, and that the facility lacked heat, water fountains, and safe drinking
11 water.

12          Petitioner also alleges that she has been in debilitating pain from a prior car accident since
13 her March 10, 2023 incarceration.  She suffers from chronic pain, lumbar disc degeneration,
14 stenosis of the spine, severe arthritis of the spine, impingement of the cervical disc, herniated C-4
15 and C-5 discs, and high blood pressure.  She has not received the physical therapy and epidural
16 injections that she received prior to incarceration.

17          Petitioner alleges that she fell on the stairs on April 1, 2023.  The lack of handicap ramp
18 exasperates her disability as she uses a walker full time.  She is at the mercy of other prisoners to
19 assist her going up and down stairs.  She was subjected to retaliation for complaining about these
20 conditions, including having her medications discontinued and her off-site medical appointments
21 cancelled or missed, being placed in employment positions that exceeded her documented physical
22 limitations, having other prisoners told not to help her, and being screamed at and awoken in the
23 middle of the night for no reason.

24          Petitioner argues that continued incarceration in the hazardous conditions at FCI Dublin

---

physical custody."  *Alfaro v. Herrera*, No. CV2205347RGKRAO, 2023 WL 9422832 at *2 (C.D. Cal. Dec. 5, 2023).

For purposes of this case, as the Court's dismissal is based on lack of habeas subject matter jurisdiction, the Court need not determine whether it still has personal jurisdiction.

2

United States District Court
Northern District of California

1 and lack of access to medical care is unjust punishment and warrants immediate release. She
2 seeks "an order ending [her] BOP confinement to time served and immediate release thus placing
3 Petitioner on her 24-month term of supervised release." ECF 1 at 7.

### III.    DISCUSSION

Petitioner is a class member in the pending class action against FCI Dublin officials for sexual and other misconduct. See *California Coalition for Women Prisoners, et al., v. United States Federal Bureau of Prisons, et al.*, No. C 23-4155-YGR (PR) (ECF No. 142 at ¶ 246 (identifying class members as "all persons incarcerated at FCI Dublin currently and in the future"); see, *e.g.*, *id.* at ¶¶ 253-267 (claiming constitutional violations based upon sexual misconduct)).

In that case, Judge Gonzalez Rogers found, among other issues, a "significant lack of health services and severe understaffing," issued a preliminary injunction (ECF 222), and appointed Special Master Wendy Still to assist the court in implementing the injunction (ECF 248). The BOP then closed FCI Dublin and transferred all the prisoners to other facilities. On May 8, 2024, Judge Gonzalez Rogers issued an order in the class action criticizing the BOP for closing the institution in a hasty and ill-conceived manner, and requiring the BOP, among other things, to provide monthly staffing reports to the court and special master for each BOP facility to which class members were transferred, track the movement of class members, and track specific medical and mental health follow-up required for class members. No. C 23-4155-YGR, ECF 300 at 14-15.

As for the instant petition, federal law "opens two main avenues to relief on complaints related to imprisonment:" a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are "the exclusive vehicle" for claims challenging "the fact or duration of the conviction or sentence." *Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016). By contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). If success on petitioner's claim would not "necessarily lead to immediate or speedier release," the claim may not be brought in a habeas petition. *Nettles*, 830 F.3d at 935.

1    In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit addressed the

2  circumstances in which a prisoner can challenge the conditions of confinement in a habeas petition

3  and seek release from custody based upon those conditions. *Id.* at 1062, 1065-66.  The court

4  stated, "the relevant question is whether, based on the allegations in the petition, release is *legally*

5  *required* irrespective of the relief requested . . . [o]r stated differently, a successful claim sounding

6  in habeas necessarily results in release, but a claim seeking release does not necessarily sound in

7  habeas." *Id.* at 1072-73 (emphasis in original).  The court affirmed the dismissal for lack of

8  jurisdiction of a habeas petition under 28 U.S.C. § 2241 claiming federal prison officials failed to

9  implement adequate safety protocols in response to COVID-19. *Id.* at 1073-76.  The court held

10  the petition did not allege facts to support the contention that no set of conditions would cure the

11  constitutional violations, necessitating a remedy of release, and as other remedies short of release

12  could remedy the allegedly unsafe conditions, the claims must be brought in a civil rights case. *Id.*

13  at 1075.  Here, as in *Pinson*, the court lacks jurisdiction to consider petitioner's claims regarding

14  medical care and exposure to toxins.  She does not allege facts, when liberally construed, showing

15  that no relief short of release is adequate to the cure these alleged constitutional violations.

16  Accordingly, under *Pinson*, a habeas petition is not the appropriate remedy for her claims, and she

17  must instead bring them in civil rights action.[2]

18    The petition is therefore ***dismissed without prejudice*** to petitioner filing a civil rights

19  claim.  See *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971)

20  (finding a private right of action for damages implied from the Constitution for constitutional

21  violations by federal employees or their agents).

22    Petitioner's general concerns about inadequate health care and staffing are somewhat

23  covered by the class action, which seeks only injunctive relief class-wide.  If she wishes to file a

24  civil rights complaint seeking specific medical treatment that she believes is her constitutional

25  right to receive, she should do so in the Eastern District of Kentucky, which is currently the

26  district of her confinement.  *See* 28 U.S.C. § 1391.  If she wishes to file a civil rights complaint for

---

[2] Even if petitioner's claims were cognizable in habeas, they would be mooted by her transfer to another federal prison.

4

1 damages arising out of constitutional violations she experienced at FCI Dublin, such as injury
2 from failure to receive adequate medical care or from exposure to toxins, she should do so in this
3 Court.[3]  See *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (allowing Bivens claims for prisoner's
4 inadequate medical care).

## IV. CONCLUSION

For the foregoing reasons, this federal habeas corpus action is DISMISSED for lack of habeas jurisdiction.  Petitioner's claims regarding conditions of confinement at FCI Dublin are **DISMISSED *without prejudice*** to filing a civil rights action.

The clerk shall send a copy of this order to plaintiff at FMC Lexington, 3301 LEESTOWN ROAD, LEXINGTON, KY  40511.

**IT IS SO ORDERED.**

Dated: May 17, 2024

_____
TRINA L. THOMPSON
United States District Judge

---

[3] Petitioner is advised that the filing fee for a civil action is $350 plus a $52 administrative fee (as opposed to the $5 filing fee for a habeas action), and even if she is granted leave to proceed in forma pauperis (IFP), she will still have to pay the $350 filing fee, in monthly installments.  See 28 U.S.C. §§ 1915(b)(1), 1914(a).

She is also advised that she must exhaust administrative remedies, according to the Prison Litigation Reform Act, before filing a civil action.  See 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (holding that revised § 1997e(a) applies to *Bivens* actions).

This order only addresses the appropriate remedy for petitioner's claims and does not reach a conclusion as to which claims, if any, are capable of judicial review and decision.